UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

HYLAND STEVEN STERLING,

        Plaintiff,

v.

UNKNOWN VANBUSKIRK et al.,

        Defendants.
_____/

Case No. 1:22-cv-1057

Honorable Jane M. Beckering

## **OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Unknown Sperling. The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment substantive due process claims against remaining Defendants Vanbuskirk and Parker.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues Defendants Corrections Officers Unknown Vanbuskirk and Unknown Parker, and Physician's Assistant Unknown Sperling.

Plaintiff alleges that on October 19, 2020, he became lightheaded and dizzy and collapsed naked in the prison shower. At this time, Plaintiff had been taking the prescription medication Levothyroxine for at least three years. Plaintiff states that in 2019, Defendant Sperling had increased the dosage to 0.2 mg per dose.

After Plaintiff collapsed, Defendants Vanbuskirk and Parker were notified and came to the shower where they told Plaintiff that if he did not "get [his] naked ass up off the floor and get some clothes on," they would drag him naked across the base and "let the lady downstairs see [his] ass and little dick." (ECF No. 1, PageID.3.) Plaintiff responded by stating that he was injured, had pain in his neck, and could not get up. Plaintiff added that if Defendants tried to degrade him, he would file a grievance. Defendant Vanbuskirk replied that if Plaintiff wanted to file a grievance, he was going outside without any clothes and admonished Plaintiff not to catch a cold.

Defendants Vanbuskirk and Parker dragged Plaintiff down a flight of stairs naked and threw him into a restraint chair where "an unknown female employee placed a folded sheet across [Plaintiff's] genitalia." (*Id.*, PageID.4.) Defendants Vanbuskirk and Parker then wheeled Plaintiff into health care, where he lost consciousness. At this point, Plaintiff was taken to McLaren

Hospital, where it was determined that his Levothyroxine levels were too high, which caused Plaintiff to faint. The doctor at McLaren ordered that Plaintiff's Levothyroxine dosage be reduced.

Plaintiff claims that Defendant Sperling was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he "knowingly or negligently prescribed" a dangerously high dose of Levothyroxine. (*Id.*, PageID.5.) Plaintiff also claims that Defendants Unknown Vanbuskirk and Unknown Parker retaliated against him and assaulted him in violation of the First, Eighth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as unspecified equitable relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Sperling

As noted above, Plaintiff claims that Defendant Sperling violated his Eighth Amendment rights when Defendant Sperling prescribed an excessive dose of Levothyroxine. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). However, if the plaintiff's claim is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, then the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867

(6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

As noted above, Plaintiff concedes that Defendant Sperling's actions could have been merely negligent when he determined the dosage of Levothyroxine to prescribe. (ECF No. 1, PageID.5 (alleging that Defendant Sperling "knowingly or negligently prescribed" the higher dosage").) Moreover, Plaintiff simply alleges that Defendant Sperling increased his dosage of Levothyroxine; however, Plaintiff fails to allege any facts about the circumstances surrounding Defendant Sperling's decision to increase the dosage. Under these circumstances, Plaintiff fails to allege sufficient facts to show that Defendant Sperling's actions were anything more than simple

7

negligence. Therefore, Plaintiff's Eighth Amendment claim against Defendant Sperling will be dismissed.

### B.   Defendants Vanbuskirk and Parker

Plaintiff asserts that Defendants Vanbuskirk and Parker violated his rights under the First, Eighth, and Fourteenth Amendments.

#### 1.   Eighth Amendment

Plaintiff contends that Defendants Vanbuskirk and Parker assaulted him in violation of the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "'evolving standards of decency.'" *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Id.* at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "'totally without penological justification.'" *Id.* Taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, the Court may not dismiss Plaintiff's Eighth Amendment claim against Defendants Vanbuskirk and Parker on initial review.

#### 2.   First Amendment

Plaintiff asserts that Defendants Vanbuskirk and Parker retaliated against him after he threatened to file a grievance. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3)

the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *see also Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (quoting *Pearson*, 471 F.3d at 741) (finding that a conversation constituted protected petitioning activity).

Plaintiff states that Defendant Vanbuskirk told Plaintiff that if he wanted to file a grievance on Defendants Vanbuskirk and Parker regarding their degrading comments and refusal to assist Plaintiff during a medical emergency, he was going outside without any clothes. Defendants Vanbuskirk and Parker then dragged Plaintiff down a flight of stairs naked and threw him into a restraint chair where an unknown female employee placed a folded sheet over Plaintiff's genitalia. At this stage of the proceedings, the Court concludes that Plaintiff has alleged sufficient facts to state a retaliation claim against Defendants Vanbuskirk and Parker.

### 3. Fourteenth Amendment

Plaintiff also claims that Defendants Vanbuskirk and Parker violated his substantive due process rights under the Fourteenth Amendment.

"Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims against Defendants Vanbuskirk and Parker. Specifically, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his excessive force claims. *See*

10

*Graham*, 490 U.S. at 394 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (rejecting a substantive due process claim where the Eighth Amendment supplies a textual source for prison-condition claims); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (discussing that because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Similarly, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's retaliation claims. Thus, the standard applicable to that source, the First Amendment right to be free from retaliation, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim."). Consequently, Plaintiff's substantive due process claims against Defendants Vanbuskirk and Parker will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Sperling will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment substantive due process claims against remaining Defendants Vanbuskirk and Parker. Plaintiff's First and Eighth Amendment claims against Defendants Vanbuskirk and Parker remain in the case.

An order consistent with this opinion will be entered.

Dated:   February 27, 2023                             /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge