UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HYLAND STEVEN STERLING,

    Plaintiff,

v.

UNKNOWN VANBUSKIRK, et al.,

    Defendants.
_____/

Case No. 1:22-cv-1057

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's remaining claims are his First Amendment retaliation and Eighth Amendment excessive force claims against Defendants Michigan Department of Corrections (MDOC) Officers Joseph Vanbuskirk and Jay Parker, claims that arise from their actions transporting him to healthcare for treatment.  Defendants filed a motion for summary judgment on both claims.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant their motion and dismiss Plaintiff's complaint with prejudice.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Consistent with Defendants' response (ECF No. 45), the Court likewise discerns that Plaintiff's objections present five arguments. First, Plaintiff argues that the Magistrate Judge erred in noting that alleged violations of MDOC policies are immaterial (Pl. Obj., ECF No. 41 at PageID.328–329, referencing R&R, ECF No. 40 at PageID.320 n.5). According to Plaintiff, he was instead arguing that the violation of MDOC policy shows evidence of deliberate indifference (*id.*). However, as Defendants more fully point out, Plaintiff has not offered any evidence to show that their actions amounted to a violation of MDOC Policy, nor has Plaintiff refuted testimony in both Defendants' affidavits that they acted in good faith and in accordance with the rules and policies of the MDOC (ECF No. 45 at PageID.342–344).

Second, Plaintiff "objects to the magistrate's factual determination that Defendant's [sic] 'were required to use more than minimal force" (Pl. Obj., ECF No. 41 at PageID.330, referencing R&R, ECF No. 40 at PageID.326). As Defendants more fully explain, Plaintiff's argument is misplaced inasmuch as he has misconstrued the Magistrate Judge's determination as to an Eighth Amendment use-of-force claim with an Eighth Amendment deliberate-indifference claim (ECF No. 45 at PageID.344–345).

Third and fourth, Plaintiff "objects to the magistrate's conclusion that 'Defendants did not injure Plaintiff in moving him to the restraint chair'" and "objects to [the] magistrate's conclusion that there is 'no evidence to show that Defendants gratuitously inflicted pain on him for the purpose of causing harm or that they were even aware of what was happening to his feet'" (Pl. Obj., ECF No. 41 at PageID.331, referencing R&R, ECF No. 40 at PageID.326–327). Plaintiff's objections are not developed and constitute general objections to the result in this case. As Defendants more fully point out, Plaintiff references no record evidence about his foot pain or its source (ECF No. 45 at PageID.345–346).

Last, Plaintiff "objects to the magistrate's conclusion that: Defendant's [sic] 'assisted him down the stairs with his arms around their shoulders—much like athletic trainers do when assisting injured football players off the field" (Pl. Obj., ECF No. 41 at PageID.332, referencing R&R, ECF No. 40 at PageID.321). According to Plaintiff, the Magistrate Judge's analogy is "only good if Plaintiff suffered a lower leg injury" (*id.*). As Defendants more fully point out, Plaintiff's objection again merely demonstrates his disagreement with the result in this case, without presenting any evidence as to how Defendants assisting him down the stairs was an adverse action as relates to his retaliation claim (ECF No. 45 at PageID.347).

In sum, the Magistrate Judge thoroughly and carefully considered Plaintiff's claims against Defendants, and Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Memorandum Opinion and Order resolves the last pending claims in this case, a Judgment will also be entered. *See* FED. R. CIV. P. 58. The Court declines to certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 41) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 40) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 30) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court declines to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  June 30, 2025                                              /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge